UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURICE WILLIAMS,

       Petitioner,

v.                                 Case No.  4:15cv490/WS/CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 18). Petitioner replied. (Doc. 20). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On February 17, 2005, petitioner was charged by amended information filed in Leon County Circuit Court Case No. 05-CF-439, with three offenses: armed robbery of victim Herbert Okoe-Quansah on January 14, 2005 (Count I); robbery of victim BP Station on January 26, 2005 (Count II); and attempted armed robbery with a deadly weapon of victim Todd Gallon on February 3, 2005 (Count III). (Doc. 18, Ex. C).[1] Petitioner's maximum possible sentence for the armed robbery with a deadly weapon was life in prison. *See* Fla. Stat. § 812.13(2)(a). Petitioner's maximum possible sentence for each remaining charge was 15 years in prison. *See* Fla. Stat. § 812.13(2)(c), and § 812.13(2)(a).

On September 22, 2005, petitioner entered a counseled, negotiated plea agreement whereby he agreed to plead no contest to all three charges with an adjudication of guilt in exchange for the State agreeing to recommend a sentence of 5 years in prison followed by 5 years on probation. (Ex. D). The plea agreement was memorialized in a written Plea and Acknowledgment of Rights form signed by petitioner and defense counsel. (*Id.*). The court conducted a plea colloquy, accepted petitioner's plea and sentenced petitioner consistent with the agreement to 5 years in

---

[1]References to exhibits are to those provided at Doc. 18. References to page numbers of exhibits are to the number appearing at the bottom right corner of the page.

prison followed by 5 years on probation. (Ex. D (plea agreement), Ex. E (judgment), Ex. F (probation order)). In imposing sentence, the court further recommended that petitioner "[r]emain in custody until transported to Phoenix House after DOC sentence" for substance abuse treatment. (Ex. E, p. 48). The judgment and probation order were rendered September 22, 2005. (Exs. E, F). Petitioner did not appeal.

Petitioner was released from the incarceration portion of his sentence on January 12, 2010. (*See* Ex. G, p. 67). On February 16, 2010, a violation of probation report was filed alleging that on February 5, 2010, petitioner violated the terms of his probation by using and possessing cocaine, as evidenced by his testing positive for cocaine after a random urinalysis. (Ex. H). On April 26, 2010, petitioner entered a counseled, negotiated admission to the violations pursuant to an agreed disposition that his probation be reinstated, that he remain in custody until space was available at Phoenix House and go directly from jail to Phoenix House, and that all original conditions of his probation be reimposed. (Ex. I). The court accepted petitioner's admission, found that petitioner violated his probation, adjudicated him guilty of the violations, and entered an order reinstating probation and modifying its terms consistent with the agreed disposition. (Ex. J).

On January 26, 2012, an affidavit for violation of probation was filed alleging that on January 3, 2012, petitioner violated the terms of his probation by using and

possessing cocaine, as evidenced by his testing positive for cocaine after a random urinalysis. (Ex. K). An amended VOP affidavit was filed on March 5, 2012, adding that petitioner also violated his probation by absconding from supervision or changing his residence without first procuring his probation officer's consent. (Ex. L). An amended VOP affidavit was filed on March 26, 2012, adding that petitioner also violated his probation by failing to live in compliance with the law in that he was arrested for committing four new offenses on March 21, 2012 (home invasion robbery with a weapon, aggravated battery, kidnapping during the commission of a felony, and vehicle theft). (Ex. M). The offenses arose from petitioner's breaking into the home of a 67-year old woman, beating her with a steel baseball bat, robbing her and stealing her car all in the presence of her 6-year old grandson. (Exs. M, P).

On February 4, 2013, petitioner entered a counseled, negotiated plea agreement whereby he agreed to admit the probation violations in Case No. 05-CF-439, be adjudicated guilty and have his probation revoked in exchange for the State agreeing to recommend a sentence of 30 years in prison on Count I (the underlying armed robbery with a deadly weapon) and 15-year terms of imprisonment on Counts II and III (the underlying robbery and attempted armed robbery), all to run concurrent with each other and with the negotiated sentences imposed on the new law offenses (in Case No. 12-CF-896), which are discussed below. (Ex. N). The

plea agreement was memorialized in a written Plea/Admission to a Violation of Probation and Acknowledgment of Rights form signed by petitioner and defense counsel. (*Id.*). The court conducted a plea colloquy, accepted petitioner's admission and plea, adjudicated him guilty of the probation violations, revoked his probation, and sentenced him consistent with the agreement. (Ex. N (plea agreement), Ex. V (plea colloquy), Ex. W (sentencing), Ex. Y (order of revocation of probation), Ex. X (judgment)).

Based on the new law violations, petitioner was charged in Leon County Circuit Court Case No. 12-CF-896, with burglary of a dwelling with person assaulted (Count I), aggravated battery causing great bodily harm with a deadly weapon (Count II), and armed carjacking (Count III). (Ex. Q). Petitioner's maximum possible sentence on each of Counts I and III was life in prison. *See* Fla. Stat. § 810.02(2)(a) and § 812.133. The State filed notice of its intent to seek an enhanced sentence under Florida's Prison Releasee Reoffender (PRR) statute. (Ex. R). On February 4, 2013, petitioner entered a counseled, negotiated plea agreement whereby he agreed to plead no contest to the charges with an adjudication of guilt in exchange for the State agreeing to recommend a total sentence of 30 years in prison (concurrent with petitioner's sentences in Case No. 05-CF-439) and to waive a PRR sentence. (Ex. S). The plea agreement was memorialized in a written Plea and

Acknowledgment of Rights form signed by petitioner and defense counsel.  (*Id.*).

The court conducted a plea colloquy, accepted petitioner's plea and sentenced him

consistent with the agreement to 30 years in prison.  (Ex. S (plea agreement), Ex. V

(plea hearing), Ex. W (sentencing), Ex. Z (judgment)).

   Petitioner filed a notice of appeal from both judgments.  (Ex. AA).  The appeal

was dismissed on August 12, 2013 (Ex. CC), pursuant to petitioner's notice of

voluntary dismissal (Ex. BB).

    On January 31, 2014, petitioner filed a *pro se* motion for postconviction relief

under Florida Rule of Criminal Procedure 3.850, seeking relief from his convictions

for burglary of a dwelling, aggravated battery and armed carjacking in Case No. 12-

CF-896.  (Ex. DD).  The state circuit court struck one ground as legally insufficient

with leave to amend.  (Ex. EE).  Petitioner filed an amended Rule 3.850 motion (Ex.

FF), which the state circuit denied without an evidentiary hearing.  (Ex. GG).  The

Florida First District Court of Appeal (First DCA) affirmed, per curiam and without

a written opinion.  *Williams v. State*, 156 So. 3d 1085 (Fla. 1st DCA 2015) (Table)

(copy at Ex. KK).  The mandate issued March 27, 2015.  (Ex. KK).

   Petitioner filed his federal habeas petition on October 6, 2015.  (Doc. 1, p. 1).

Petitioner's habeas petition raises two claims that defense counsel in Case No. 12-

CF-896 was constitutionally ineffective.  Respondent asserts that petitioner is not

entitled to habeas relief because the state court's rejection of the claims was consistent with clearly established federal law. (Doc. 18).

## RELEVANT LEGAL PRINCIPLES

### Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review

in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]

The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas

petition upon which there has been an adjudication on the merits in a state court

proceeding, the federal court must first ascertain the "clearly established Federal

law," namely, "the governing legal principle or principles set forth by the Supreme

Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538

U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly

established" only when a Supreme Court holding at the time of the state court

---

[2]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law.  *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants:  "Because none of our cases confront

the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).  In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1).

The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If

this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

## Clearly Established Federal Law Governing Claims of Ineffective Assistance of Counsel in the Context of a No Contest or Guilty Plea

When a petitioner challenges the voluntariness of his plea based on allegations of ineffective assistance of counsel, the two-prong standard adopted in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); *see also Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011) (identifying *Strickland* as the clearly established federal law governing a habeas petitioner's challenge to his conviction obtained through a plea bargain). To obtain relief under *Strickland*, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In a plea situation, the focus of inquiry under the performance prong of *Strickland* is "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56-57 (*quoting McMann*, 397 U.S. at 771). "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 689. The Supreme Court has expressly warned about second-guessing professional judgments made by counsel:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court . . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann*, 397 U.S. at 769-70. Counsel must provide advice "within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56-57 (*quoting McMann*, 397 U.S. at 771). Under this standard, representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused. *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991). Absent such blatant errors, the court should "indulge a strong presumption that counsel's

conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

To meet the prejudice prong of *Strickland* in a plea situation, petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. Thus, while counsel can be deemed ineffective under *Strickland* for failing to provide proper advice during the plea process, petitioner must also demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was

unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105.

As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* (citations omitted).

## DISCUSSION

Because petitioner's claims are related, they are addressed together.

Ground One  "Trial counsel provided ineffective assistance by failing to investigate the viable defense of insanity due to intoxication despite his knowledge thereof, in violation of the Defendant's right to effective assistance of counsel under the Sixth and Fourteenth Amendments." (Doc. 1, p. 6).[3]

Ground Two  "Trial counsel provided ineffective assistance by failing to depose arresting officers, emergency medical specialists, and nurses; in violation of the Defendant's right to effective assistance of counsel under the Sixth and Fourteenth Amendments." (Doc. 1, p. 8).

Petitioner challenges his no contest plea to the charges of burglary of a

dwelling with person assaulted, aggravated battery with a deadly weapon causing

---

[3] Citations to page numbers of the petition are to those appearing at the top right corner of the page.

great bodily harm, and armed carjacking on the grounds that counsel failed to investigate an insanity defense based on petitioner's voluntary intoxication. (Doc. 1, pp. 6-8 and Attach.). Petitioner presented these claims to the state court as Grounds One and Two of his amended Rule 3.850 motion. (Ex. FF). The state circuit court denied relief as follows:

> Defendant raises two claims of ineffective assistance of counsel related to voluntary intoxication, neither of which has merit. Defendant asserts that counsel was ineffective for failing to investigate the possibility of an insanity defense based on voluntary intoxication. Such a defense is precluded by Florida Statute Section 775.051. Thus, counsel's performance was not deficient. Likewise, Defendant contends that counsel was ineffective for not deposing various witnesses, alleging that they would have provided information valuable to his intoxication defense. Because such a defense is not cognizable, Defendant was not prejudiced by this omission. Given that Defendant was facing two 1st degree felonies punishable by life along with other serious charges, there is not a reasonable probability that Defendant would have gone to trial on the basis of information that would not [have] provided a viable defense.
>
> Accordingly, Defendant's motion is **DENIED**. Defendant has 30 days to file a notice of appeal.

(Ex. GG). The First DCA summarily affirmed. (Ex. KK).

The relevant decision for purposes of 28 U.S.C. § 2254 is the First DCA's summary affirmance, which is the final state court adjudication on the merits of petitioner's claims. *Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed

that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017). Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*." *Wilson*, 834 F.3d at 1235. The *Richter* test provides that "[w]here a state court's decision is unaccompanied by an explanation," a petitioner's burden under section 2254(d) is to "show[ ] there was no reasonable basis for the state court to deny relief." *Richter,* 562 U.S. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at 102.

Under the *Richter* test, petitioner must establish there was no reasonable basis for the First DCA to affirm the denial of his ineffective assistance claims. In reviewing the reasonableness of the First DCA's decision, this court may, but is not

required to, look to the reasoning of the state court below (the state circuit court).

The Eleventh Circuit explained in *Wilson*:

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state [appellate] court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

834 F.3d at 1239.

The state circuit court's conclusion that petitioner's proposed defense was not available as a matter of state law was based on § 775.051, which provides:

> Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense **and is not admissible to show that the defendant was insane at the time of the offense**, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.

Fla. Stat. § 775.051 (emphasis added).

Petitioner's argument that the state court unreasonably applied *Strickland* obviously depends upon this court determining that counsel's performance was deficient, but first the court would have to conclude that the state court

misinterpreted state law. The Eleventh Circuit has emphasized that when the state courts have already answered the question of how an issue would have been resolved under that State's law had defense counsel done what petitioner argues he should have done, "federal habeas courts should not second-guess them on such matters" because "[i]t is a fundamental principle that state courts are the final arbiters of state law." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (internal quotation marks and citation omitted); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005). Here, as in *Herring* and *Callahan*, the state court has already answered the question of whether petitioner's proposed defense was viable as a matter of law – it was not. Because insanity by voluntary intoxication is not a valid defense under Florida law, petitioner's counsel cannot be ineffective for failing to investigate it or depose witnesses to develop and support that defense.

Petitioner's reply acknowledges that insanity by voluntary intoxication was not a viable defense, but makes the argument (for the first time) that counsel should have investigated the issue anyway to discover "mitigating factors that would have had a major impact on sentencing." (Doc. 20, p. 7). Petitioner suggests that counsel could have argued to the sentencing judge that the proper disposition was not prison,

but rather petitioner's commitment to the Department of Children and Family Services for treatment under Fla. R. Crim. P. 3.217. (Doc. 20, pp. 7-9).

Petitioner's argument fails for several reasons. First, he did not present this argument to the state court. *See Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007) ("'[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously.'" (*quoting Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992))). Second, the disposition of petitioner's case was the product of a **negotiated** plea bargain – a sentence petitioner negotiated with the State. Third, Florida's Criminal Rule 3.217 applies where there has been a judgment of not guilty by reason of insanity. *See* Fla. R. Crim. P. 3.217. Petitioner was adjudged guilty pursuant to his negotiated plea.

The state court's rejection of petitioner's ineffective assistance claims was neither contrary to, nor involved an unreasonable application of, the *Strickland* standard. Petitioner is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgments and sentences in *State of Florida v. Maurice Williams*, Leon County Circuit Court Case No. 05-CF-439, and 12-CF-896, be DENIED.

2.   That the clerk be directed to close the file.

3.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 14th day of June, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.